**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harold Lee High, Jr., | No. CV-17-00565-TUC-DCB |
| Petitioner, | **ORDER** |
| v. | |
| Mark Napier, et al., | |
| Respondents. | |

This matter was referred to Magistrate Judge Lynnette C. Kimmins, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On February 27, 2019, Magistrate Judge Kimmins issued a Report and Recommendation (R&R). She recommends that the Court grant the Petition for Writ of Habeas Corpus (the Petition) based on a double jeopardy violation (Claim 2). She recommends the Court dismiss Claims 1, 3, and 4 as premature. The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court as to the dismissal of Claims 1, 3, and 4, but rejects the recommendation as to Claim 2.[1] The Court finds that the Double Jeopardy Clause in the Fifth Amendment of the United States Constitution was not violated because the Defendant's attorney requested the mistrial.

---

[1] The Court lacks jurisdiction over Claims 1, 3, and 4 because Petitioner High is not in State custody; he is in custody pending pretrial release. (R&R (Doc. 40) at 3 (citing *Younger* abstention doctrine). Under § 2241, this Court may only "'entertain pretrial habeas petitions that raise a colorable claim of double jeopardy.'" *Id.* (citing *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992)).

## STANDARD OF REVIEW

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to a Report and Recommendation, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

This Court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; see 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the R&R), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also*, Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Respondent, the Petitioner's Reply, and the parties' briefs considered by the Magistrate Judge in deciding the Petition.

## OBJECTIONS

The objection filed by the Defendant was not argued to the Magistrate Judge, but the Court considers it here, and the Petitioner has been afforded an opportunity to Reply.

As explained in the R&R, the Petitioner, defendant High, objected in open court when his attorney asked for a mistrial on the second day of his trial. The jury had been empaneled on day one, a Wednesday. The second day of trial, when counsel arrived to commence presentation of the evidence, Defendant's attorney informed the trial judge that he was too sick to proceed to represent the defendant at trial and expressly asked for a mistrial. When the court declared in open court it was going to declare a mistrial at the request of defense counsel, Defendant High objected on speedy trial grounds. He noted that there were two attorneys appointed to represent him and asked that the other attorney proceed. The second attorney explained that he was only present for training purposes, and he was not prepared to conduct the trial. The court cited extraordinary circumstances, found delay was indispensable to the interests of justice, and declared the mistrial on a Thursday. (R&R (Doc. 40) at 1-2.)

A status conference was set for the following Monday, whereat Defendant High argued that a new trial would violate his double jeopardy rights, that lead-counsel or the second attorney should have proceeded with the trial. "High further argued that he did not consent to the mistrial and he was not given sufficient time to dispute the request." (R&R (Doc. 40) (citing TR (Doc. 29) at 22). Counsel explained he understood why his client had objected to the request for a mistrial but unfortunately counsel's illness was very unforeseen, and it was more than a common cold. Counsel did not believe he could ethically file a motion based on double jeopardy because defense counsel requested the mistrial, and it would essentially be tricking the court to say, "Judge, a-ha, we got you, now it has to be double jeopardy, that jeopardy attaches, since it was at our request." (TR (Doc. 29) at 21.)

The trial court summed up the situation as being where the main trial attorney had said on the record that he was ill, nauseous, had a headache, and could not go forward effectively to represent defendant High at trial. The second attorney had said he was not prepared to take up the trial on the fly and effectively represent the defendant. In such circumstances, the court had to act to protect High's right to a fair trial or the defendant could say: my main attorney said he was too sick to represent me effectively and the other attorney said he was unprepared. The Court noted that his attorneys had not waived his speedy trial rights, but the Court had found extraordinary circumstances[2] to exempt the delay for speedy trial purposes. The Court found it had had no choice but to grant defense counsel's request for the mistrial. (TR (Doc. 29) at 22-23.)

The court reasoned that it would not entertain High's pro se double jeopardy motion to dismiss because he was represented by counsel. (R&R (Doc. 2 (citing TR (Doc. 29) at 18).

The Magistrate Judge did not consider this "catch 22"[3] situation described by the trial judge because it was not presented to her. She focused on the double jeopardy protection of a "defendant's right to have his 'trial completed by a particular tribunal,'" (R&R (Doc. 40) at 6 (quoting *Arizona v. Washington*, 434 U.S. 497, 504 (1978), and the Fifth Amendment's bar to retrial of a defendant unless the trial court's declaration of a mistrial, over the defendant's objection, was due to 'manifest necessity.'" She concluded based on the record that the defendant objected to his attorney's request for a mistrial that the trial court's failure to make a finding of manifest necessity doomed the mistrial. Noting the mistrial was called on Thursday and the status conference was held on Monday, with

---

[2] In reviewing a Sixth Amendment speedy trial clause violation, the Court must consider four factors: (1) the length of the pretrial delay; (2) the reason for the delay; (3) whether the defendant asserted his speedy trial right; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Arizona Rule Criminal Procedure, Rule 8.5(b) permits an extension of the speedy trial date "upon a showing that extraordinary circumstances exist and that delay is indispensable to the interests of justice."

[3] (TR (Doc. 29-2): Status Conference at 12).

- 4 -

counsel well and in attendance, she noted that "nothing in the record suggest[ed] that, after a short continuance, a full and fair trial could not have been held with the first jury empaneled." (R&R (Doc. 40) at 6-7.)

With the advantage of the R&R briefs, this Court answers the question not addressed by the Magistrate Judge. Was the mistrial granted at the request of the defendant? "'If a case is dismissed after jeopardy attaches but before the jury reaches a verdict, a defendant may be tried again for the same crime only in two circumstances: (1) if he consents to the dismissal; or (2) if the district court determines that the dismissal was required by 'manifest necessity.'" *United States v. Chapman*, 524 F.3d 1073, 1081 (9th Cir. 2008) (quoting *United States v. Bonas*, 344 F.3d 945, 948 (9th Cir. 2003)). The Magistrate Judge analyzed the Petition under the second prong. This Court looks at the first: "When a mistrial is the result of a defendant's request and not the result of intentional prosecutorial provocation, 'the manifest necessity' standard has no place in the application of the Double Jeopardy Clause." (Objection (Doc. 42) at 4 (citing *Oregon v. Kennedy*, 456 U.S. 667, 672 (1982); *United States v. Dinitz*, 424 U.S. 600, 607-10 (1976) (arguing "because the mistrial was granted at the request of the defense, the state trial court was *not* required to make a finding of manifest necessity.").

There is no Ninth Circuit case law directly on point with the facts of this case, but the Supreme Court has recognized that failure to request a mistrial is different than an attorney's failure to file an appeal without the defendant's consent or the failure to advise the defendant about pleading guilty. The decision to appeal or plead guilty belongs to the defendant. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) (identifying fundamental decisions that are under the ultimate authority of the defendant as pleading guilty, waiving a jury, testifying in his or her own behalf, or taking an appeal."); *United States v. Chapman*, 593 F.3d 365, 367–69 (4th Cir 2010) (holding that counsel was not ineffective for ignoring client's direction to accept the district court's offer of a mistrial without prejudice). The decision whether to move for a mistrial is generally considered a strategic decision that is

left to counsel. *United States v. Washington*, 198 F.3d 721, 723 (8th Cir.1999).

In the Fourth Circuit, the court considered whether defense counsel was required to follow defendant's instructions to accept a trial court's offer of a mistrial without prejudice and held that counsel did not provide constitutionally ineffective assistance of counsel by refusing, over the defendant's objection, the trial court's offer to grant a mistrial without prejudice. The court explained that "it is now well-established that in a criminal trial, defense counsel has the authority to manage most aspects of the defense without first obtaining the consent of the defendant." *Chapman*, 593 F.3d a 367-368 (citing *Florida v. Nixon,* 543 U.S. 175, 187 (2004)). Decisions which may be made without the defendant's consent are those that involve trial strategy and tactics, such as what evidence to introduce at trial, what stipulations should be made, what objections should be raised, and what pre-trial motions to file. *Id.* at 368. More limited, decisions of constitutional magnitude regarding the exercise or waiver of basic trial rights belong exclusively to the defendant, such as pleading guilty, waiving a jury, taking the stand, and appealing a conviction or sentence—then the attorney must both consult with the defendant and obtain consent to waive such rights. *Id.* (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

In *Chapman*, the court considered that every circuit having considered the question had concluded that decisions regarding mistrials belong to the attorney, not the client. *Id*. at 368 (citing *United States v. Burke*, 257 F.3d 1321, 1324 (11th Cir.2001) (rejecting contention that the decision to request a mistrial is a fundamental decision that only a defendant can make); *United States v. Washington*, 198 F.3d 721, 723 (8th Cir.1999) (disagreeing that defendant must make the ultimate decision on requesting a mistrial and finding that the decision to make such a request is a strategic decision for counsel); *Watkins v. Kassulke*, 90 F.3d 138, 143 (6th Cir.1996) (binding defendant, where defense counsel consents as a matter of trial strategy to a mistrial regardless of whether the defendant participates in the decision); *Galowski v. Murphy*, 891 F.2d 629, 639 (7th Cir.1989)

(decision to move for a mistrial or instead proceed to judgment with the expectation that client will be acquitted is a matter of trial strategy)).[4]

In *Chapman*, defense counsel asked for a mistrial with prejudice in response to allegedly improper statements from the prosecutor in closing arguments. The judge offered to grant a mistrial without prejudice or give a curative instruction. Counsel for the defendant opted for the curative instruction, over the defendant's objection, and the defendant was convicted. Defendant challenged his conviction under 28 U.S.C. 2255 for ineffective assistance of counsel arguing that his defense attorney was obligated to accept his decision for a mistrial without prejudice.

The court, relying on an Eighth Circuit case, *Washington*, 198 F.3d at 724, concluded that decisions regarding a mistrial are tactical decisions entrusted to the sound judgment of counsel, not the client. The court reasoned that mistrial issues bear no similarity, in nature or significance, to the decisions that the Supreme Court has identified as belonging solely to the defendant. *Chapman,* 593 F.3d at 368. "Moreover, deciding whether to seek a mistrial (or whether to accept or reject a mistrial offered by the trial court) involves an on-the-fly balancing of the probable damage caused by the trial error against the likelihood that a different jury might be more inclined to acquit-a question that itself requires considering how receptive the current jury is to the defendant, whether key witnesses have testified as anticipated, etc. Given the many issues that must be identified, evaluated, and weighed when determining whether to seek or accept a mistrial, we think it clear that the decision is a tactical one to be made by counsel, not the client." *Id.*

---

[4] *See also Geiger v. Cain*, 540 F.3d 303, 309 (5th Cir. 2008) ((finding "oft-recognized" that the decision not to seek a mistrial is frequently a strategic one) (citing *Ward v. Dretke*, 420 F.3d 479, 491 (5th Cir.2005) (deciding to seek mistrial requires counsel to balance harm caused by improper question against legitimate possibility that a new trial would present less propitious prospects for his client); *United States v. Moran*, 393 F.3d 1, 10 (1st Cir.2004) (listing both tactical and strategic reasons why a party might seek a judgment of acquittal but not a new trial, for example: fear that prosecution will learn from its mistakes and put in a more persuasive case the second time around; fear that a shift in judges will lead to a stiffer sentence)).

Relevant to High's case, the Fourth Circuit noted: "If the decision is a tactical one left to the sound judgment of counsel, the decision must be just that-- left to the judgment of counsel. Counsel need not consult with the client about the matter or obtain the client's consent. *See id.*[5] (The 'duty to consult with the client regarding important decisions ... does not require counsel to obtain the defendant's consent to every tactical decision.' (internal quotation marks omitted)); *Sexton,*[6] 163 F.3d at 885 (whether to file a motion to suppress 'is a classic tactical decision" for which consent from the defendant was not required).'" *Chapman,* 593 F.3d at 368. "And if consultation and consent by the client are not required with regard to these tactical decisions, the client's expressed disagreement with counsel's decision cannot somehow convert the matter into one that must be decided by the client." *Id.*

This Court agrees with the Fourth Circuit court's reasoning in *Chapman*: whether to seek or accept a mistrial is a matter left to the sound judgment of counsel, even if the client disagrees with counsel's decision. *Id*. Here, counsel was sick on day two of the trial. Only he was positioned to know the extent of his illness and its effect on his ability to represent his client on that day and the days to follow. The Court does not know what other tactical or strategic assessments counsel made to decide to ask for a mistrial instead of a continuance, such as considering his own calendar and case load obligations. It does not matter. "Whatever the actual reason behind Petitioner's counsel's decision, he was 'entitled to formulate a strategy that was reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies.'" *Gassoway v. Phillips,* 2015 WL 4760539 *9 (Calif. June 18, 2005) (quoting *Harrington v. Richter,* 562 U.S. 86, 107 (2011)). The request for a mistrial was a decision for counsel, not the defendant. This Court finds that defendant High was bound by that decision whether he agreed with it or not.

If a case is dismissed after jeopardy attaches but before the jury reaches a verdict, a defendant may be tried again for the same crime only in two circumstances, one of which

---

[5] *Florida v. Nixon*, 543 U.S. 175, 187 (2004).
[6] *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998).

- 8 -

is if he consents to the dismissal. Because the mistrial was granted at the request of the defendant, there was no need for the trial court to assess "manifest necessity." The Court denies the Petition.

CONCLUSION

After de novo review of the issue raised in the Respondent's Objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in her R&R for dismissing Claims 1, 3, and 4. The Magistrate Judge issued a well-reasoned opinion in the context of assessing manifest necessity, but that was not the issue before the trial court. The trial court did the proper analysis for delaying the trial over the defendant's assertion of his speedy right to trial. There was no need to assess whether there was manifest necessity for the mistrial because it was granted at the request of the defendant. The request was reasonable because on day two of the trial the lead attorney believed he was too sick to effectively provide assistance of counsel and the other attorney was unprepared to proceed on his own. The Court denies the Petition for Writ of Habeas Corpus based on a double jeopardy violation (Claim 2).

**Accordingly**,

**IT IS ORDERED** that after a full and independent review of the record, in respect to the objections, the Magistrate Judge's Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law of this Court IN PART as to Claims 1, 3, and 4.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is denied as to the Double Jeopardy Claim 2.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

/////
/////
/////

**IT IS FURTHER ORDERED** that Plaintiff proceeding here in forma pauperis under 28 U.S.C. § 2241, the Court finds that if any appeal is taken by Petitioner, the appeal is taken in good faith. 28 U.S.C. 1915(a)(3) and FRAP 24(a).

Dated this 1st day of May, 2019.

_____
Honorable David C. Bury
United States District Judge